288 F.2d 218
 Paul E. MERRILL, as Executor of the Estate of John B.
Merrill, Deceased, and as Administrator of the
Estate of Ann T. Merrill, Deceased,
Plaintiff-Appellant,
v.
UNITED AIR LINES, INC., Defendant-Appellee.
 No. 250, Docket 26574.
 United States Court of Appeals Second Circuit.
 Augued Feb. 16, 1961.
Decided March 29, 1961.
 
 Harry E. Kreindler, of Kreindler & Kreindler, New York City (Lee S. Kreindler and Milton G. Sincoff, New York City, on the brief), for plaintiff-appellant.
 William J. Junkerman, of Haight, Gardner, Poor & Havens, New York City (James B. McQuillan and Maurice L. Noyer, New York City, on the brief), for defendant-appellee.
 Before LUMBARD, Chief Judge, and CLARK and SMITH, Circuit Judges.
 CLARK, Circuit Judge.
 
 
 1
 This action brought under the Wyoming wrongful death statute (Wyoming Code Civ.Proc. 3-403, 3-404) in the diversity jurisdiction of the court below arises out of a fatal airplane crash occurring on October 6, 1955, when defendant United Air Lines' DC-4 airplane struck Medicine Bow Peak in Wyoming. Plaintiff is executor of the estate of John B. Merrill, deceased, and administrator of the estate of Ann T. Merrill, deceased, both of which decedents were passengers on the fatal flight. At trial before a jury the plaintiff claimed that the accident was caused by the negligence of the pilot in taking a short cut over dangerous mountainous terrain, and in flying through clouds while not on an instrument clearance. The plaintiff also relied upon the doctrine of res ipsa loquitur. The defendant asserted that the accident resulted from the incapacitation of the crew from some unexpected and unknown cause. The jury rendered a verdict for the defendant, and plaintiff appeals. No serious question can be raised as to the jury's rendition of this verdict upon the evidence presented, and the only points requiring discussion concern various evidentiary and procedural rulings made at trial.
 
 
 2
 An important factor in establishing defendant's theory of the accident was the testimony by one of defendant's pilots, Kehmeier, that in investigating the scene of the crash five days after the accident he found a smoke mask with its straps pulled tight, 'indicating the mask had been in use at the time of impact.' Plaintiff asserts that this testimony should have been excluded because defendant failed to show that the condition of the mask when found by Kehmeier was the same as at the time of the accident. Since, however, only five days had elapsed between the time of the accident and the discovery of the mask, there was a 'reasonable probability the article has not been changed in important respects'; and the question whether or not the mask had been tampered with went only to the weight of the evidence to be evaluated by the jury. United States v. S. B. Penick & Co., 2 Cir., 136 F.2d 413, 415. The testimony regarding the mask was properly admitted.
 
 
 3
 Plaintiff next complains of the refusal to allow cross-examination of Kehmeier as to his failure to object to testimony by committee chairman MacNamara at a CAB hearing, which was allegedly inconsistent with Kehmeier's testimony at trial. At the CAB hearing MacNamara testified that the mask was found in the 'main circuit breaker panel' and that an FBI examination disclosed 'no evidence which would indicate whether or not the mask was being worn at the time of the accident.' Plaintiff accepted the court's ruling that this line of cross-examination would be valid only if Kehmeier had a duty to speak out if he heard inaccuracies in MacNamara's testimony. But plaintiff then failed to accept an invitation by the court to question Kehmeier as to his obligation to provide information regarding the mask. Furthermore, since Kehmeier was not called upon by the CAB to testify regarding the mask, though he gave testimony on another subject, it would appear that his duties in the investigation did not extend to a consideration of the relevance of the mask. In addition, the crucial part of MacNamara's statement merely recited the contents of the FBI report, of which Kehmeier apparently knew nothing. His failure to contradict MacNamara's summary of the report would therefore not be relevant for impeachment purposes.
 
 
 4
 We find no error in the court's failure to read to the jury the portion of Hoffman's testimony on cross-examination relating to use of a 'short cut' when the jury requested 'The testimony of Captain Hoffman re the use of the automatic pilot.' The testimony which plaintiff wished to add relating to the short cut was not representative of Hoffman's testimony n that subject, which read as a whole revealed that there was no 'short cut' as suggested by plaintiff. Furthermore, the requested testimony was beyond the scope of the jury's request.
 
 
 5
 The objections based on the denial of plaintiff's motion for a new trial are disposed of at length in Judge Herlands' opinion reported at 25 F.R.D. 68. Here we need only add that, taken as a whole, the papers received on the motion support, rather than impeach, Kehmeier's testimony relating to the smoke mask. The improper references to plaintiff's wealth were promptly stricken and the jury was adequately warned to disregard them.
 
 
 6
 Judgment affirmed.